The opinion of the Court was delivered by
O’Neall, J.
In this case it may be useful to ascertain, whether the defendant, the Mayor of the City, was guilty of imposing, without what he supposed to be legal authority, a fine.
The sixth section of the Ordinance of 22d October, 1821, (City Ordinances, 54,) provides “ thht after tattoo, or the nine or ten o’clock bell, as the case may be, all clamorous singing, whooping, or other obstreperous, wanton and unnecessary noises, calculated to disturb the peace and quiet /of the city, are hereby prohibited under a penalty (in case the offender or *265 offenders be a white person or persons) of twenty-five dollars, recoverable by prosecution in the City Court.” The Mayor, by the first section of the Ordinance of the 25th of August, 1846, (City Ordinances, 165,) is charged to be “ vigilant and active at all times in causing the ordinances and laws for the government of the city, to be duly executed and put in force.” By the third section, he is authorized daily to hold a Police Court, for the “ examination of all slaves, or other persons, committed to the Guard House.”
The plaintiff was one of these who was taken up by the guard, and committed to the Guard House, for the violation of the sixth section of the Ordinance of 22d October, 1821. When the facts of the case were reported to the Mayor, he said the plaintiff should be punished, if justice was done to the guardman, he (the plaintiff) should be prosecuted, that he fined him twenty dollars; upon which Divine paid the money for the plaintiff. I do not understand by all this anything more than what the Mayor might rightfully do, so far as the plaintiff was concerned. He simply rebuked him for his conduct, told him he should be punished, and that for his conduct to the guard-man he ought to be prosecuted, but finally wound up by telling him, to escape these consequences you must pay a fine of twenty dollars. According to the ordinance, he should have directed him to be sued in the City Court for the fine'of twenty-five dollars. The plaintiff certainly has no cause to complain of the Mayor’s act, whereby he escaped with a less sum. It is worthy of remark, too, that the Mayor, sitting in a Police Court, has the right to judge primarily that the fine has been incurred, and this is all which I understand the Mayor as doing. The fine was incurred as far as twenty-five dollars, and the plaintiff’s friend paid a less sum, which the Mayor permitted. Conceding this to have been irregular, and the money to have been paid without warrant of law, can the plaintiff recover it back ? I am clear he cannot. For beyond all doubt, it was a voluntary payment. He, or his friend Divine, had nothing to do, but *266 simply to have contested the point, and said to the Mayor, I will abide the decision of the City Court, and if you choose to prosecute for violence to the guardman, I am ready to answer; and then if the -Mayor had improperly confined the plaintiff, or by any show of force had coerced payment, it might have been said that this was money obtained by duress, or proceedings having the color of law. But the plaintiff, instead of thus acting, was permitted to pay, and did pay less than he was legally bound to pay. The case of Robinson vs. The City Council of Charleston, 2 Rich. 317, shows that a payment of that which could not have been legally required, if done in ignorance of the law, was a voluntary payment, and could not be recovered' back. Certainly that case goes much further than this.
The motion to reverse the Recorder’s decision, and to affirm the Magistrate’s judgment, is granted.
Wardlaw, Withers-, Whitker, Glover and MüNEO, JJ., concurred.

Motion granted.